# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: <br><br> LINDER OIL COMPANY, A PARTNERSHIP, <br><br> *Debtor* <br><br> --- <br><br> **LUCY G. SIKES, CHAPTER 7 TRUSTEE AND THE CADLE COMPANY II, INC.,** <br><br> *Plaintiffs* <br><br> Versus <br><br> **A & W OPERATING SERVICES, INCORPORATED** <br><br> *Defendant* | (CHAPTER 7) <br><br> CASE NO. 17-51323 <br><br> ADVERSARY NO. 19-05087 |

### Answer and Affirmative Defenses to Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549, and 550, to Disallow Claims Pursuant to 11 U.S.C. § 502, and for Conversion

**NOW INTO COURT**, through undersigned counsel, comes Defendant, A & W Operating Services, Incorporated, which respond to the Complaint by providing the following Answer and Affirmative Defenses:

**JURISDICTION AND VENUE**

1.

The allegations contained in Paragraph 1 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant does not dispute the jurisdiction of this Court.

1

2.

The allegations contained in Paragraph 2 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant does not dispute the venue of this adversary proceeding.

3.

The allegations contained in Paragraph 3 of the Complaint contain legal conclusions and therefore do not require a response herein. However, Defendant does not dispute this adversary proceeding is a "core" proceeding.

**PARTIES**

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint are admitted.

**FACTS**

7.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 7 of the Complaint, and therefore denies the same and demands strict proof thereof.

8.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 8 of the Complaint, and therefore denies the same and demands strict proof thereof.

9.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the same and demands strict proof thereof.

10.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 10 of the Complaint, and therefore denies the same and demands strict proof thereof.

11.

The allegations contained in Paragraph 11 of the Complaint do not require a response from Defendant as the Court's order referenced therein speaks for itself. To the extent a response to Paragraph 11 is required, Defendant is without sufficient information and knowledge to admit or deny the allegations set forth therein, and therefore denies the same and demands strict proof thereof.

12.

The allegations contained in Paragraph 12 of the Complaint are admitted insofar as Defendant received two payments from the Debtor during the time period from July 12, 2017 through October 10, 2017: (1) payment in the amount of $19,710.00 received on or about August 7, 2017 and (2) payment in the amount of $6,540.00 received on or about August 17, 2017

3

19-05087 - #5   File 11/21/19   Enter 11/21/19 14:41:37   Main Document   Pg 3 of 14

(collectively referred to herein as the "Transfers"). Except for the Transfers, Defendant specifically denies that it received any other funds, property, or interests in property to or for the benefit of Defendant during the time period from July 12, 2017 through October 10, 2017 (referred to the in the Complaint and herein as the "Preference Period"). Defendant further states it is without sufficient information and knowledge to admit or deny the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies the same and demands strict proof thereof.

13.

The allegations contained in Paragraph 13 of the Complaint are denied insofar as Defendant did not receive any additional transfers from the Debtor during the Preference Period, aside from the Transfers referenced in Paragraph 12 of this Answer. To the extent Paragraph 13 of the Complaint contains a reservation of rights, no response from Defendant is required. The Defendant is without sufficient information and knowledge to admit or deny the remaining allegations set forth in Paragraph 13, and therefore denies the same and demands strict proof thereof.

**COUNT ONE: AVOIDANCE OF PREFERENTIAL TRANSFERS**

14.

The allegations contained in Paragraph 14 of the Complaint are admitted insofar as Defendant received the Transfers referenced in Paragraph 12 of this Answer. Regarding the remaining allegations in Paragraph 14 of the Complaint, Defendant is without sufficient information and knowledge to admit or deny the allegations set forth therein, and therefore denies the same and demands strict proof thereof.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint, and further specifically denies that the Transfers referenced in Paragraph 12 of this Answer are avoidable

preferential transfers under applicable bankruptcy law. Defendant further denies that it received any transfers of Debtor's property during the Preference Period, except for the Transfers referenced in Paragraph 12 of this Answer.

16.

The allegations contained in Paragraph 16 of the Complaint are admitted insofar as Defendant received the Transfers referenced in Paragraph 12 of this Answer. Except for the Transfers, Defendant specifically denies that it received any other funds, property, or interests in property to or for the benefit of Defendant during the Preference Period.

17.

The allegations contained in Paragraph 17 of the Complaint are denied insofar as Defendant did not receive any additional transfers from the Debtor during the Preference Period, except for the Transfers referenced in Paragraphs 12 of this Answer. To the extent Paragraph 17 of the Complaint contains a reservation of rights, no response from Defendant is required.

18.

To the extent the allegations contained in Paragraph 18 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 18, except to admit that Defendant provided the Debtor with goods and/or services prior to the Petition Date.

19.

To the extent the allegations contained in Paragraph 19 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 19.

20.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 20 of the Complaint, and therefore denies the same and demands strict proof thereof.

21.

To the extent the allegations contained in Paragraph 21 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 21.

**COUNT TWO: CONVERSION**

22.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 22 of the Complaint, and therefore denies the same and demands strict proof thereof.

23.

The allegations contained in Paragraph 23 of the Complaint are denied.

24.

The allegations contained in Paragraph 24 of the Complaint are denied.

25.

The allegations contained in Paragraph 25 of the Complaint are denied.

**COUNT THREE: ACTUAL FRAUDULENT TRANSFERS**

26.

The allegations of Paragraph 26 of the Complaint are admitted insofar as the Defendant received the Transfers as set forth in Paragraph 12 of this Answer during the Preference Period,

and otherwise received payments from the Debtor for goods and/or services rendered outside the Preference Period and within two years of the filing of the petition in the Debtor's bankruptcy case, but specifically denies that such transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

27.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 27 of the Complaint, and therefore denies the same and demands strict proof thereof.

28.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 28 of the Complaint, and therefore denies the same and demands strict proof thereof.

29.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 29 of the Complaint, and therefore denies the same and demands strict proof thereof.

30.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 30 of the Complaint, and therefore denies the same and demands strict proof thereof.

31.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 31 of the Complaint, and therefore denies the same and demands strict proof thereof.

32.

To the extent the allegations contained in Paragraph 32 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 32.

## COUNT FOUR: CONSTRUCTIVE FRAUDULENT TRANSFER

33.

The allegations of Paragraph 33 of the Complaint are admitted insofar as the Defendant received the Transfers as set forth in Paragraph 12 of this Answer during the Preference Period, and otherwise received payments from the Debtor for goods and/or services rendered outside the Preference Period and within two years of the filing of the petition in the Debtor's bankruptcy case, but specifically denies that such transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

34.

The allegations contained in Paragraph 34 of the Complaint are denied. Further responding, Defendant asserts that Debtor received reasonably equivalent value in the form of goods and/or services provided by Defendant in exchange for all monies transferred to Defendant.

35.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 35 of the Complaint, and therefore denies the same and demands strict proof thereof.

36.

To the extent the allegations contained in Paragraph 36 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 36.

## COUNT FIVE: REVOCATORY ACTION

37.

To the extent the allegations contained in Paragraph 37 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 37.

38.

To the extent the allegations contained in Paragraph 38 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 38.

39.

The allegations contained in Paragraph 39 of the Complaint are denied.

40.

Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 40 of the Complaint, and therefore denies the same and demands strict proof thereof.

41.

To the extent the allegations contained in Paragraph 41 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 41. In further answering, Defendant asserts that article 2036 of the Louisiana Civil Code is not applicable to annul payments received by Defendant to the extent such payments were made in consideration of a just and due debt, because while such payments may reduce the Debtor's assets, it also reduces the Debtor's liabilities by the same amount, and therefore does not cause or increase the Debtor's insolvency.

## COUNT SIX: RECOVERY OF POST-PETITION TRANSFERS

42.

To the extent the allegations contained in Paragraph 42 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 42. In further answering the allegations contained in Paragraph 42 of the Complaint, Defendant asserts that it received no transfers of any kind from Debtor following the Petition Date.

43.

To the extent Paragraph 43 of the Complaint contains a reservation of rights, no response from Defendant is required. To the extent a response is required, Defendant denies the allegations of Paragraph 43.

## COUNT SEVEN: RECOVERY OF AVOIDED TRANSFERS

44.

To the extent the allegations contained in Paragraph 44 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 44.

45.

To the extent the allegations contained in Paragraph 45 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 45.

## COUNT EIGHT: DISALLOWANCE OF ALL CLAIMS

46.

To the extent the allegations contained in Paragraph 46 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 46.

47.

To the extent the allegations contained in Paragraph 47 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 47, except to admit that the Defendant has not paid the Trustee any amounts.

48.

To the extent the allegations contained in Paragraph 48 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 48.

49.

To the extent the allegations contained in Paragraph 49 of the Complaint contain legal conclusions, no response by Defendant is required herein. To the extent a response is required, Defendant denies the allegations of Paragraph 49.

## REQUEST FOR JUDGMENT

50.

Defendant denies that Plaintiffs are entitled to the remedies enumerated in Plaintiffs' request for judgment in the Complaint.

## GENERAL DENIAL

51.

Defendant generally denies any liability to the Plaintiffs. To the extent any allegations in the Complaint have not been specifically admitted or denied, they are hereby denied.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

52.

The Complaint fails to state a claim upon which relief can be granted with respect to Count Two, Conversion, as set forth in Paragraphs 22 through 25 of the Complaint, because an element of an action for conversion under Louisiana law is the fault, either negligence or conscious wrongdoing, by Defendant. The Complaint does not allege facts that would constitute fault by the Defendant in receiving any payments from the Debtor.

53.

The Complaint fails to state a claim upon which relief can be granted with respect to Count Three, Actual Fraudulent Transfer, as set forth in Paragraphs 26 through 32 of the Complaint. The Complaint does not comply with Fed. R. Civ. P. 9(b) requiring that in alleging fraud a party must state with particularity the circumstances constituting fraud.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

54.

The alleged preferential transfers received by Defendant, if any, were intended by the Debtor and Defendant to be a contemporaneous exchange of new value given to the Debtor, and in fact were a substantially contemporaneous exchange.

55.

The alleged preferential transfers received by Defendant, if any, were in payment of debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant, and such transfers, if any, were made in the ordinary course of business or financial affairs of the Debtor and Defendant, or were made according to ordinary business terms.

56.

The alleged actual or constructive fraudulent transfers, if any, were received by Defendant for value and in good faith.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to amend this answer by way of adding affirmative defenses, counterclaims, cross-claims and/or third party claims as additional facts are obtained through further investigation and discovery.

**WHEREFORE**, the Defendant, A & W Operating Services, Incorporated respectfully requests that judgment be entered in favor of Defendant and against the Plaintiff on all causes of action alleged in the Complaint, and that Defendant be awarded its costs and expenses, including attorney's fees, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

BIENVENU, BONNECAZE, FOCO, VIATOR & HOLINGA, APLLC

By: *s/John Allain Viator*
John Allain Viator, #25915
Scott P. Ledet, #31231
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

*Attorneys for A & W Operating Services, Incorporated*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 21st of November, 2019.

*s/John Allain Viator*
John Allain Viator